IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RENTPING, LLC, a Nebraska limited liability company, | Case No. _____ |
| Plaintiff, | |
| v. | **Complaint and Demand for Jury Trial** |
| BRICKWOOD PROPERTIES LLC and BRICKWOOD MANAGEMENT CORP. | |
| Defendants. | |

Plaintiff Rentping, LLC, by and through its attorneys, for its causes of action against Defendants, states and alleges:

**Parties, Jurisdiction and Venue**

1. Plaintiff Rentping, LLC ("Rentping") is a Nebraska limited liability company with its principal place of business in the State of Nebraska.

2. Defendant Brickwood Management Properties, LLC is a New York limited liability company.

3. Defendant Brickwood Management Corp is a New York corporation.

4. Defendants own, operate and/or manage apartment complexes in the State of New York.

5. This is a civil action seeking damages and injunctive relief for theories of recovery including unfair competition under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), trade dress infringement under the Lanham Act, and copyright violations.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367, and pursuant to 28 U.S.C. § 1332, as there is complete diversity of the parties and the amount in controversy exceeds $75,000.

7. This Court has personal jurisdiction over the Defendants by virtue of their transacting, doing, and soliciting business in this District, specifically contacting Rentping for website design and marketing services.

8. Venue is proper pursuant to 28 U.S.C. § 1391(c).

### Facts Common to All Claims for Relief

9. Rentping operates a real estate listing service and assists property owners and property renters in renting and leasing apartment units via its website [www.Rentping.com](www.Rentping.com). Rentping's web-based services include, without limitation, floor plan specific content including photographs. Rentping also developed and sells an Internet-based marketing strategy, including the development of a website, production of photographic content, and coordination of Internet traffic generation strategies. These strategies, including website design and content, have at all times been owned by Rentping.

10. Defendants contacted Rentping requesting to sample the foregoing services. Rentping responded by providing Defendants a quotation and samples of its proprietary website design and marketing strategies.

11. Defendants rejected Rentping's quotation and contract and instead intentionally copied Rentping's website design and marketing strategies and are using the same on [www.brickwoodproperties.com](www.brickwoodproperties.com)

12. Defendants are using Rentping's copyrighted website design and strategies in connection with apartment complexes owned, operated and/or managed by Defendants and on their website without Rentping's permission. The products and services

Defendants advertise and sell are not Rentping's products or services nor are they associated with Rentping.

13. Defendants are improperly benefitting from the valuable reputation that Rentping has in its intellectual property and copyrighted assets.

14. Defendants' use of the Rentping's web design and marketing strategies has damaged, and continues to damage Rentping in an amount to be proven at trial, but in an amount greater than $75,000.

15. Defendants have acted as agents of each other and in concert with each other with respect to the causes of action set forth herein and pursuant to a civil conspiracy.

**First Claim for Relief - Unfair Competition (15 U.S.C. § 1125(a))**

16. Plaintiff incorporates Paragraphs 1 through 15 above as if fully set forth herein.

17. Defendants' conduct constitutes unfair competition, false designation of origin, false or misleading description of fact and/or false or misleading representation of fact, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

18. Defendants' use in commerce of Rentping's intellectual property in connection with Defendants' apartment complexes and services is likely to cause confusion or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Rentping, or as to the origin, sponsorship, or approval of Defendants' products and services by Rentping.

19. Defendants' conduct is causing irreparable injury to Rentping's trade, reputation, and goodwill for which there is no adequate remedy at law.

20. Defendants' conduct has been deliberate and willful and has been committed with the intent to cause confusion and mistake, to deceive the public, and/or to misrepresent the nature of Defendants' and/or Rentping's goods and services.

21. Rentping is entitled to all available remedies provided for in 15 U.S.C. §§ 1114, 1117, and 1118 and the common law, including preliminary and permanent injunctive relief.

WHEREFORE Plaintiff prays for relief as more fully set forth below.

**Second Claim for Relief - Copyright Infringement (17 U.S.C. § 501 *et seq.*)**

22. Plaintiff incorporates Paragraphs 1 through 15 above as if fully set forth herein.

23. Defendants have infringed upon Rentping's copyrights as set forth herein.

24. Defendants' copyright infringements were committed willfully and with knowledge of Rentping's copyrights in violation of § 504 of the Copyright Act. Further, Defendant has engaged and continues to engage in a course of infringing conduct with respect to Rentping's copyrightable works.

25. Defendants have willfully and repeatedly infringed Rentping's copyrights in violation of 17 U.S.C. § 501 and common law.

26. For each use, including each webpage upon which the copyrighted images were used, Rentping demands damages. Rentping is entitled to all remedies set forth in 17 U.S.C. §§ 502, 503, 504, and 505, including, but not necessarily limited to, injunctive relief and damages, including actual damages, profits and statutory damages.

WHEREFORE Plaintiff prays for relief as more fully set forth below.

**Third Claim for Relief - Trade Dress Infringement (15 U.S.C. § 1051 *et seq.*)**

27. Plaintiff incorporates Paragraphs 1 through 15 above as if fully set forth herein.

28. The following design or trade dress of Plaintiffs' website design, is arbitrary and nonfunctional, and has become identified in the market as originating with Plaintiff:

    a. formatting of logos, graphics, photographs, and text;

    b. placement of logos, graphics, photographs, and text;

    c. placement of company logo, navigation tabs, a page-wide photograph of the rental complex or unit, above an (approximate 1/2 inch) descriptive banner, followed by smaller photographs of featured real estate units, followed by a scrolling window over a photograph, followed by address information;

    d. style and aesthetics; and

    e. the particularized combination of all of these elements.

29. As a result of the sales and advertising by Plaintiff, the trade dress of Plaintiff has developed and now has a secondary and distinctive trade dress meaning, in that customers, clients, and real estate renters have come to associate real estate websites bearing such trade dress with Plaintiff.

30. After Plaintiff's use and adoption of the above-mentioned trade dress, Defendants adopted advertising, trade dress on their websites that is identical and/or confusingly similar to Plaintiff's, such that it misleads clients, renters and customers to believe that Defendants' real estate originates from, or is sponsored or endorsed by Plaintiff.

31. These confusingly similar aspects include, without limitation: the overall "look" of Plaintiff's website design, which is presented in a style and manner so as to be confusingly similar to Plaintiff's trade dress, including.

32. Defendants' willful and complete duplication of Plaintiff's website design, advertising materials and marketing strategy, from the style and positioning of each creative element to the exact text, which, as an almost exact replica of Plaintiff's website design misleads customers to believe that Defendants' products and/or services originate from, or are sponsored or endorsed by Plaintiff.

33. As a direct and proximate result of Defendants' wrongful acts as alleged herein, Defendants obtained unlawful profits for themselves and/or others to the express detriment of Plaintiff. Plaintiff is entitled to restitution of all such monies and profits.

34. Defendants intentionally and knowingly misappropriated Plaintiff's trade dress through improper means.

35. Defendants committed their acts of infringement willfully and maliciously and Plaintiff is entitled to punitive or exemplary damages.

WHEREFORE, Plaintiff Rentping prays the Court for an order:

A. Enjoining Defendants, their agents, servants, employees, and all persons acting in concert or participation therewith during the pendency of this action and permanently thereafter from using Rentping's copyrighted web design and marketing materials on Defendants' websites, or in any other online marketing, advertising, or other distribution media;

B. Awarding Plaintiff damages as it sustained as a result of Defendants' unfair trade practices, trade dress infringement and copyright infringement and to account for all gains, profits, and advantages derived by Defendants from their infringement of Plaintiff's copyrights and trade dress or such damages, including statutory damages, as allowed by law, and all gains, profits and advantages derived by Defendants from said trade practices, unfair competition and infringements;

C. Awarding Plaintiff costs of this action and reasonable attorneys' fees; and

D. Providing for such other and further relief as the Court finds in the premises.

Dated: September 15, 2016

        RENTPING, a Nebraska limited liability company, Plaintiff

By:    REMBOLT LUDTKE LLP
        3 Landmark Centre
        1128 Lincoln Mall, Suite 300
        Lincoln, NE 68508
        (402) 475-5100

By:    /s/ Brian S. Kruse
        Brian S. Kruse (21963)
        bkruse@remboltlawfirm.com

4819-1350-8660, v. 1